# Karns et al. versus Tanner.

1. A plaintiff died pending an ejectment, having devised to his wife, whom he made executrix; his land was sold by the sheriff; she was the purchaser; her right under the will was gone; and she was properly substituted as sheriff's alienee.

2. The wife having recovered in the ejectment as sheriff's alienee, she sued for mesne profits: Held, that this action was personal to herself and she could recover in it in both capacities, as legatee and sheriff's vendee.

3. The ejectment brought in the life of the plaintiff enured as to the title to mesne profits, to the benefit of all persons entitled to them from the institution of the action.

4. The premises were a leasehold, the devise was to the wife for life of all his estate real, personal and mixed and the rents, issues and profits. This embraced the rents, &c., of the leasehold as a chattel real.

5. The will gave the wife authority to sell, for her support if she thought necessary, and to convey to the purchasers and also as executrix to sell to pay debts. Held, that the latter power did not ipso facto supersede the power to take the rents, &c., or to sell for her support, but was to be exercised only when necessary to sell to pay debts.

7. Recovering the rents, &c., as legatee implies her assent as executrix, and the defendants as tort-feasors could not set up the rights of creditors against her recovery as legatee.

8. She could recover mesne profits from the death of the testator.

October 28th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of Armstrong county: No. 62, of October and November Term 1873.

This was an action of trespass for mesne profits, brought January 12th 1871, by Frances E. Tanner against S. D. Karns, John Karns and Fullerton Parker; S. D. Karns and Parker only were served.

On the 17th of March 1869, James P. Tanner brought an action of ejectment against the above defendants and others for a lot of land and mineral privileges in Armstrong county. On the 13th of April 1869, Tanner died, having made a will by which he directed that his minor children should be educated by his wife, Frances E. Tanner, the plaintiff in this suit, out of what he might give her for her own support, and appointed her guardian of his

[Karns *v.* Tanner.]

minor children. He then gave to her for life all his property, real and personal, "together with the rents, issues and profits of the same;" and after her death he gave the same property to all his children and Charles F. Tillinghast in equal shares in fee.

"Should the rents, issues and profits, hereinbefore given and bequeathed unto my beloved wife, Frances E. Tanner, for the term of her natural life, be insufficient to support her in a modest and retiring manner, such as she has been accustomed to, I authorize and empower her to sell such part or parts of my estate (above bequeathed to her for life, and at her death devised and bequeathed to my children and Charles Foster Tillinghast), whether real, personal or mixed, as she may deem necessary for her support, and in the event of such sale by her made, I direct that any purchasers of any such part or parts of my said estate, shall not be responsible for the non-application or the misapplication of the proceeds thereof. I further direct that my said wife shall be the sole judge as to the amount she will need for her support, the manner and time of selling, the amount to be received from such sale or sales, and all things thereunto pertaining; and I do further empower her to give receipts to the purchaser or purchasers of personalty, and to execute deeds in the event of a sale of realty by her, as fully and as freely as if I had hereinbefore given her my whole estate, absolutely and in fee simple; the object of this clause of my will, being to give my wife an absolute interest in all my personalty, and an estate in fee simple in all my realty, in the event of the income of my estate not being sufficient to support her. * * *

"I hereby constitute and appoint my beloved wife, Frances E. Tanner, my sole executrix of this my last will and testament, clothing her with full authority to sell such part or parts of my real estate as may be necessary for the payment of my debts, and to execute deeds as fully and as freely as myself if living. It is my desire that she shall enter upon the discharge of her duties, as my sole executrix, without giving security, as I am very sure justice will be done by her with rigid and exact impartiality."

Pending the action, the premises in controversy in the ejectment were sold by the sheriff under an execution issued against James P. Tanner in his lifetime, and Mrs. Tanner became the purchaser.

On the 12th of June 1869, the death of the plaintiff in the ejectment was suggested, and "Frances E. Tanner, executrix," substituted. On the 8th of March 1870, the record was amended by striking out "executrix," &c., after Mrs. Tanner's name, and inserting "the purchaser of the interest of James P. Tanner at sheriff's sale." On the 17th of March 1870, the jury rendered a verdict for the plaintiff, on which judgment was entered

on the 19th, and after being removed to the Supreme Court was affirmed January 9th 1871 (16 P. F. Smith 297).

On the trial of this case, March 30th 1873, before Lowrie, P. J., of the 30th district, the foregoing facts were given in evidence under objection and exception. Evidence was given by the plaintiff for the purpose of showing the value of the mesne profits. Other evidence was offered by each party, which was rejected by the court.

The defendants submitted these points, which were refused:—

1. That the plaintiff is not entitled to recover except from the 8th day of March 1870, the time when she was substituted as plaintiff in the ejectment.

2. That the plaintiff is entitled to recover but from the date of the acknowledgment of the sheriff's deed to her, June 9th 1869.

The verdict was for the plaintiff for $19,857.37.

Upon the removal of the record to the Supreme Court, the defendants assigned the refusal of their points for error.

*H. D. Foster* (with whom was *J. Boggs*), for plaintiff in error.— By being substituted in the ejectment as alienee of the sheriff, the plaintiff repudiated her interest under the will, and thus put herself in hostility to legatees and creditors. Her claim should have been restricted to the time when she obtained title from the sheriff: Fenn v. Steele, 1 Yeates 154; Duffield v. Stillé, 2 Dallas 156; Dillon v. Dougherty, 2 Grant 99; Garrett v. Dewart, 7 Wright 342; Miller v. Clement, 4 Id. 484.

*E. S. Golden*, for plaintiff in error, cited Borrell v. Dewart, 1 Wright 137; Johnson v. Smith, 3 Penna. R. 500; Means v. Church, 3 Barr 93; Tyler on Ejectment 840, 15 Viner's Abr. 11; Bank of Penna. v. Wise, 3 Watts 394. Rent falling due after sheriff's deed goes to purchaser: Act of June 16 1836, sect. 119, Pamph. L. 783, 1 Br. Purd. 663, pl. 1. This act covers all occupants whether by mere possession or lease: Hayden v. Patterson, 1 P. F. Smith 264; Menough's Appeal, 5 W. & S. 432; Pott v. Lesher, 1 Yeates 576; Henwood v. Cheesman, 3 S. & R. 500. The alienee of the sheriff has all the remedies and rights of the owner: Scheerer v. Stanley, 2 Rawle 276; Bittinger v. Baker, 5 Casey 66. A change of title pending an ejectment will not affect the suit: Act of April 26th 1850, sect. 4, Pamph. L. 591, 1 Br. Purd. 534, pl. 13.

The opinion of the court was delivered, November 10th 1873, by AGNEW, J.—This was an action of trespass for mesne profits, in which the plaintiff was permitted to recover the value of the rents, issues and profits from the time of the death of James P. Tanner. It is insisted that Mrs. Tanner's recovery, in the eject-

[Karns *v.* Tanner.]

ment which preceded this action, was as alienee of the sheriff, and that her recovery now must be in the same right only. But in the ejectment she could recover in no other right. She was substituted as executrix before the sheriff's sale, but when that sale divested the title of James P. Tanner, the plaintiff in the ejectment, her right of recovery under his will was gone. Under the Act of 1850 the purchaser at the sale alone could be substituted. But when she recovered by substitution as the sheriff's vendee, the ejectment, which had been brought in the lifetime of Tanner, enured, as to the title to the mesne profits, to the benefit of all persons entitled to these profits from the time of the institution of the action. Hence the true question in this action of trespass, is to what portion of the mesne profits Mrs. Tanner is entitled. This action is personal to herself, and is not specifically confined to a single capacity. If, therefore, she rightfully unites in herself two capacities, one as legatee and the other as alienee of the sheriff, there can be no reason to prevent a recovery in both capacities; or to compel her to resort to two actions instead of one.

The will of Mr. Tanner gave to her for life all his property, real, personal and mixed, of whatsoever kind or nature, and wheresoever the same should be at his death, together with the rents, issues and profits of the same. It is clear this embraced the rents, issues and profits of the leasehold as a chattel real. The will then directed that should the rents, issues and profits, thereinbefore given and bequeathed to Mrs. Tanner, be insufficient to support her in a modest and retiring manner, such as she has been accustomed to, she should have power to sell such parts of the estate bequeathed to her for life as she might deem necessary; making her the sole judge of the amount she should need for her support, the manner and time of selling, the amount to be received, and all things pertaining thereto, and to give receipts to the purchasers of the personalty, and execute deeds, and convey to the purchasers of the realty, as fully and freely as if he had thereinbefore given her his whole estate absolutely and in fee simple. The devises and bequests are all to her personally, and not as executrix. He afterwards clothes her with full authority as executrix, to sell such part of his real estate as may be necessary for the payment of debts and to execute deeds as fully and freely as himself if living.

This last power does not *ipso facto* supersede the former power to receive the rents, issues and profits, or to sell for her support, but comes into exercise only when she as executrix finds it necessary to sell for the payment of debts. She is bound as executrix to the creditors, it is true, to protect their interests from herself as legatee; but uniting in herself both capacities of legatee and executrix, there is nothing to prevent her, as against trespassers,

[Karns *v.* Tanner.]

from electing to recover the rents, issues and profits from them; for the very election presumes her assent as executrix to her taking these profits as legatee. It is not in evidence that there were creditors whose demand necessarily required these profits to be recovered for their use; and if there were, it does not lie in the mouths of the defendants as tort-feasors, to set up the rights of the creditors. It is sufficient as to them that the will bequeaths these rents, issues and profits to Mrs. Tanner in her own right; and that her assent as executrix to her recovery as legatee, in other words, her assent as executrix to the perception of the profits as legatee, is by the election necessarily presumed. If there be creditors, they have their remedy. They are not bound by her assent as executrix to her own perception of the profits as legatee, and can surcharge her account as executrix with the profits she has recovered, or ought to have recovered for their use. Her personal suit, therefore, can be maintained by her in both capacities, as legatee and sheriff's vendee, and they carry her claim back to the time of James P. Tanner's death.

Judgment affirmed.